UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOLPH FINLEY,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-1432-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Dolph Finley ("Finley") (#075033). Finley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Finley challenges his sentence imposed in the 9th Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Finley was convicted of first degree robbery. State v. Finley, 664 So. 2d 775, 776 (La. App. 3d Cir. 1995), writ denied, 670 So. 2d 1237 (La. 1996). He was sentenced as a habitual offender to 50 years at hard labor. Id. The conviction and sentence was affirmed, and the Louisiana Supreme Court denied writs. Id. Finley did not seek review in the United States Supreme Court.

Finley filed an application for post-conviction relief on an unspecified date. The application was denied, as were writs. State ex rel. Finley v. State, 748 So. 2d 437 (La. 1999).

Finley filed a § 2254 petition in this Court in 1996, challenging the robbery conviction and sentence. The petition was denied on the merits, and a certificate of appealability was denied. (Docket No. 96-cv-1695).

Finley filed another § 2254 petition in this Court in 1999, attacking the same robbery conviction. (Docket No. 99-cv-2059). The petition was denied and dismissed as time-barred. (Docket No. 99-cv-2059, Doc. 8). Finley's motion for certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit. (Docket No. 00-30255, 5th Cir.).

Finley filed another § 2254 petition in this Court in 2002. (Docket No. 1:02-cv-2112). The Court determined the petition was second or successive, and transferred the case to the Fifth Circuit for a determination of whether Finley should be allowed to file a second or successive petition. (Docket No. 02-cv-2112, Doc. 7). The Fifth Circuit denied authorization. (Docket No. 04-30010, 5th Cir.).

In his petition now before the Court, Finley complains that one of the convictions used to adjudicate him a habitual offender was not sufficiently proven at sentencing.

II.   **Law and Analysis**

Because Finley has previously filed a § 2254 petition that was adjudicated on the merits, and because he raises a claim that could have been raised in an earlier

petition, Finley's petition is second or successive. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). As this District Court noted in one of Finley's prior habeas petitions:

> [P]etitioner is required to obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3), which provides in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

(1:02-cv-2112, Doc. 6). The Fifth Circuit previously denied authorization, and Finley has still not obtained permission.

Until such time as Finley obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over Finley's petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition be DENIED AND DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge